**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| KINZIE ADVANCED POLYMERS, LLC<br>d/b/a Grove Bags,<br>26201 Richmond Road, Unit D<br>Bedford Heights, OH 44146 | ) CASE NO.<br>)<br>) JUDGE:<br>)<br>) |
| Plaintiff, | ) **COMPLAINT AND**<br>) **DEMAND FOR JURY TRIAL**<br>) |
| *v.* | )<br>)<br>) |
| JEREMY CARRASCO,<br>3021 E. Waterloo Road<br>Edmond, OK 73034 | )<br>)<br>)<br>) |
| Defendant, | )<br>)<br>) |
| *and* | )<br>) |
| FINDER MEDIA, LLC,<br>1235 Sovereign Row<br>Oklahoma City, OK 73108 | )<br>)<br>)<br>) |
| Defendant, | )<br>)<br>) |
| *and* | )<br>) |
| NOVA PRODUCTS, LLC,<br>3021 E. Waterloo Road<br>Edmond, OK 73034 | )<br>)<br>)<br>) |
| Defendant, | )<br>)<br>) |
| *and* | )<br>) |
| GANBU SERVICES, LLC,<br>5601 Northwest 72nd Street, Unit 100<br>Oklahoma City, OK 73114 | )<br>)<br>)<br>) |
| Defendant. | ) |

Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags ("Grove Bags"), for its Complaint and Jury Demand against Defendants Jeremy Carrasco, Finder Media, LLC, Nova Products, LLC, and Ganbu Services, LLC (collectively, "Defendants"), hereby states the following:

## NATURE OF THE ACTION

1.      This is an action for trade dress infringement, trademark infringement, and false advertising—all stemming from Defendants' sale of "Kure Bags" cannabis storage products that mirror the look and feel of Plaintiffs' products, utilize a confusingly similar mark, and make incorrect statements about their characteristics.

## THE PARTIES

2.      Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags ("Grove Bags") is an Ohio limited liability company, with its principal place of business located at 26201 Richmond Road, Unit D, Bedford Heights, Ohio 44146.

3.      Upon information and belief, Defendant Jeremy Carrasco ("Carrasco") is an individual located at 3021 E. Waterloo Road, Edmond, OK 73034.

4.      Upon information and belief, Defendant Finder Media, LLC ("Finder Media") was an Oklahoma limited liability company, with its principal place of business located at 1235 Sovereign Row, Oklahoma City, OK 73108.

5.      Upon information and belief, Defendant Nova Products, LLC ("Nova Products") was an Oklahoma limited liability company, with its principal place of business located at 3021 E. Waterloo Road, Edmond, OK 73034.

6.      Upon information and belief, Defendant Ganbu Services, LLC ("Ganbu Services") is an Oklahoma limited liability company, with its principal place of business located at 5601 Northwest 72nd Street, Unit 100, Oklahoma City, OK 73114.

7.      Carrasco is identified with the Oklahoma Secretary of State as the registered agent for Finder Media, Nova Products, and Ganbu Services.[1]

8.      Upon information and belief, Carrasco was or is the owner of Finder Media, Nova Products, and Ganbu Services.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction of the claims arising under federal law, namely the Lanham Act (at 15 U.S.C. §§ 1114, 1125), pursuant to 28 U.S.C. § 1331.

10.      This Court has supplemental jurisdiction over the claims arising under state law, pursuant to 28 U.S.C. § 1367, because they arise out of a common nucleus of operative facts as the federal claims.

11.      This Court has personal jurisdiction over the Defendants because, on information and belief, they each regularly conduct and transaction business within the geographic boundaries of this Court, Grove Bags's causes of action arise from Defendants' contacts within the geographic boundaries of this Court, and Grove Bags's injuries resulting from Defendants' actions have been incurred within the geographic boundaries of this Court.

12.      Venue in the United States District Court for the Northern District of Ohio, Eastern Division, is proper because, on information and belief, Defendants are present in this District and because a number of the facts and events giving rise to this action occurred in this District.

---

[1] Carrasco, Finder Media, Nova Products, and Ganbu Services are collectively referred to herein as "Defendants."

## PLAINTIFF GROVE BAGS AND ITS TERPLOC TECHNOLOGY

13.     Founded in 2016, Grove Bags is a leader in the cannabis industry—pioneering proprietary packaging and storage solutions.

14.     Specifically, Grove Bags created a first-of-its-kind cannabis film, which it called TerpLoc, for use in cannabis-related packaging.  TerpLoc technology creates the perfect environment for cannabis preservation—ensuring the optimal gas mixture and microclimate required for cannabis curing and extended supply chain viability.

15.     TerpLoc is an anti-static, anti-microbial, and UV light-blocking material that utilizes the cannabis plant's own moisture content and off-gassing to maintain a 58-62% relative humidity within an 98% hydrogen/nitrogen and 2% oxygen environment.

16.     Since its launch, Grove Bags's proprietary TerpLoc technology has been routinely identified by industry press, and recognized by consumers, as providing superior quality and freshness for cannabis growers.  For example:

- October 16, 2023 = https://www.greenstate.com/explained/how-to-cure-cannabis/

- December 2023 = https://www.greenmarketreport.com/2023-emjay-winners-announced-at-mjbizcon/

- February 23, 2024 = https://cannabistech.com/articles/preserving-cannabis-shelf-life/

- March 28, 2024 = https://www.benzinga.com/markets/cannabis/24/03/37991516/review-will-this-ziploc-like-baggy-revolutionize-the-way-we-curate-store-weed

- September 23, 2024 = https://thethaiger.com/guides/cannabis/thailand-cannabis-guide/cure-store-save-with-terploc-microclimate-explained

17.     Grove Bags works diligently to protect its intellectual property through trademark registrations.  To that end, Grove Bags owns several federally-registered trademarks that contain the word "TERPLOC" as shown in the chart below:[2]

| U.S. TM Registration No. | Registration Date | Mark |
|---|---|---|
| 6,158,549 | Sept. 22, 2020 | TERPLOC<br><br>(word mark) |
| 6,304,910 | Mar. 30, 2021 | TERPLOC<br><br>(word mark) |
| 7,468,881 | Aug. 6, 2024 | TERPLOC<br><br>(word mark) |
| 7,468,063 | Aug. 6, 2024 | <br><br>(design mark) |

18.     In tandem with its status as an industry pioneer, Grove Bags has also been on the vanguard with respect to developing a consistent visual identity as part of its product packaging offerings.

19.     Specifically, Grove Bags's products are readily identifiable by their all-black appearance, punctuated by high contrast color blocking.  Often, a large numeral appears in the bottom right corner to indicate unit size, while three bugs often appear in the top left corner to provide additional information regarding the bag's utility—namely, weight retention, mold preservation, and terpene preservation.  Grove Bags also often includes a large rectangular block

---

[2] The various TERPLOC marks identified here are collectively referred to as the "TERPLOC Marks."  The '549 Registration is attached as Exhibit 1; the '910 Registration is attached as Exhibit 2; the '881 Registration is attached as Exhibit 3; and the '063 Registration is attached as Exhibit 4.

in the bottom—quickly relaying to the consumer the amount of humidity that may be expected in its packaging.  These elements are collectively referred to as the "Grove Bag Design."

20.    These various visual elements are readily seen in the exemplars reproduced below:

 

21.    The trade dress elements identified above are non-functional and have acquired distinctiveness through Grove Bags's seven-plus years of continuous use.

## **DEFENDANTS' INFRINGEMENT**

22.    On information and belief, Defendants operate or otherwise control the website www.kurebags.com.  A true and correct copy, as it appeared is attached hereto as Exhibit 5, an excerpt of which is shown below:



## A.    Trade Dress Infringement

23.    The Kure Bags' website primarily sells bags intended for cannabis storage and transport.  These bags, however, adopt many elements of Grove Bags's distinctive design, in a blatant attempt to capitalize on Grove Bags's reputation and goodwill.  A true and correct copy of a Kure Bags product, as compared against a Grove Bags product, is shown below:



| Grove Bags's Products | Kure Bags's Products |
|---|---|

24.     As can be seen in the wholistic comparison again, and in more detailed refinement below, the Kure Bags packaging employs almost all the same design elements as the Grove Bags packaging—including, an all-black appearance with bright, high contrast green color blocking design; large numerals in the corner to indicate unit size and white all caps wording running vertically on the left; three circular bugs providing additional information regarding weight retention, mold prevention, and terpene preservation; and large rectangular element relaying information regarding humidity content (specifically identifying 58%-62%) with the word "humidity" in all caps white lettering immediately adjacent:



**B.      Trademark Infringement**

25.      Kure Bags also advertises all of its products as employing "TerpSavr™ Technology."  This advertisement is seen on both its website and on the product packaging itself. A true and correct copy of the www.kurebags.com/pages/terpsavr website is attached hereto as Exhibit 6, with excerpts reproduced below:




**C.      False "Humidity" Statement**

26.      The Kure Bags website also suggests its products are made of mylar—specifically, as described in the blog post seen at www.kurebags.com/blogs/blog/mylar-bags-for-packaging. (A true and correct copy of that webpage is attached hereto as Exhibit 7.)  That the Kure Bags products are made of mylar is notable because, on information and belief, mylar is an impermeable barrier.  Therefore, on information and belief, the "58% - 62% Humidity" statement on the Kure Bags products must necessarily not be accurate.

**D.      Connections with Ohio**

27.      The Kure Bags website offers to sell and ship these infringing products into the state of Ohio.  In fact, the Kure Bags website also expressly advertises that its products "are being

used in" Ohio—with a map of the United States, and Ohio colored in.  A true and correct expert

of the www.kurebags.com site as seen in Exhibit 5 is reproduced below:



28.     Kure  Bags  also  has  a  social  media  presence—including,  at  least,

www.facebook.com/kurebags.  The infringing product packaging is shown on various posts, and

the infringing "TerpSavr" verbiage is also utilized.  A true and correct excerpt of the Kure Bags

Facebook profile is attached hereto as Exhibit 8 and reproduced below:



29.     On information and belief, Kure Bags uses targeted advertising campaigns to target and direct its social media-based advertising into the state of Ohio.

30.     Indeed, Kure Bags's Facebook page expressly states "we operate coast to coast."

**E.     Hidden Identity of Website Operator**

31.     Given the opaque nature of the Kure Bags website, not identifying a formal corporate entity or even mailing address, a test purchase was made in an attempt to learn the identity of who operates the www.kurebags.com operation.

32.     The payee listed on the credit card statement for the test purchase was Defendant Finder Media.  Finder Media is also the entity identified as the Kure Bags merchant on Amazon. Records from the Oklahoma Secretary of State list Finder Media as having an address of 1235 Sovereign Row, Oklahoma City, OK 73108.   Mr. Carrasco is also identified by the Oklahoma Secretary of State as Finder Media's registered agent.  Finder Media is inactive.

33.     The return address on the package received from the test purchase was 3021 E Waterloo Road, Edmond, OK 73034.  (This address was also included in the footer of an email received from www.kurebags.com after signing up for its mailing list.)   Records from the Oklahoma Secretary of State identify Nova Products as an entity located at that same Waterloo Road address, and Mr. Carrasco is also identified by the Oklahoma Secretary of State as Nova Products' registered agent.  Nova Products is inactive.

34.     Mr. Carrasco is also identified by the Oklahoma Secretary of State as the registered agent for Ganbu Services.  Records from the Oklahoma Secretary of State identify Ganbu Services as having an address of 5601 Northwest 72nd Street, Unit 100, Oklahoma City, OK 73114.  Ganbu Services is active with the Oklahoma Secretary of State and, on information and belief, operates in the cannabis industry under the "Cannabrands" name.  Specifically, it appears that the Oklahoma

State Bureau of Narcotics and Dangerous Drugs Control recently denied Ganbu Services' application for a medical marijuana manufacturing registration.  Though the Oklahoma Secretary of State records list the Northwest 72nd Street address, the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control database identifies the 3021 E. Waterloo Road, Edmond, OK 73034 address on Ganbu Services' applicant profile.

**F.    Defendants' Willful Infringement**

35.    On information and belief, the Kure Bags brand has only entered the cannabis packaging market in April 2024—nearly eight years after Grove Bags.

36.    On August 20, 2024, counsel for Grove Bags sent Defendants a cease-and-desist letter, identifying the same issues raised in this pleading (*i.e.*, trade dress infringement; trade mark infringement; false advertising; confusing business entities).

37.    On August 29, 2024, Mr. Carrasco replied via email, with letter attachment, appearing to concede trademark infringement and the mylar-related false advertising, then half-heartedly refuting trade dress claim before then stating "[w]e will also change the color of the bags"; "have added additional logos, changed the position of other logos, and changed the styling of the logos so they do not get mistaken for anything [G]rove is doing."

38.    Mr. Carrasco did not provide any clarity as to the identity of the entity operating the www.kurebags.com website, though his August 29, 2024 letter did repeatedly use the pronoun "we" when referencing Kure Bags.

39.    On September 9, 2024, counsel for Grove Bags replied to Mr. Carrasco, asking for information regarding stock-on-hand and timeline for estimated sell-off, as well as expressly seeking the identity of the entity operating the www.kurebags.com website.

40.     Later that same day, Mr. Carrasco replied via email, refusing to provide any information regarding inventory or a date-certain by which a sell-off would be completed, and tersely concluding "[I] won['] t be sending anything else" and "[I] won['] t be replying to any further e-mails about this matter."

## **FIRST CAUSE OF ACTION**

### **(Trademark Infringement – 15 U.S.C. § 1114)**

41.     Grove Bags incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

42.     This claim is for trademark infringement under the laws of the United States, including Section 32 of the Lanham Act at 15 U.S.C. § 1114(1)(a).

43.     The TERPLOC Marks are owned by Grove Bags and have been used by Grove Bags since at least as early as May 2016.  Grove Bags use of the TERPLOC Marks is prior to Defendants use of the infringing TERPSAVR Mark.

44.     Notwithstanding Grove Bags's statutory rights in the TERPLOC Marks, Defendants have, with actual and constructive notice of Grove Bags's rights, after Grove Bags established rights in the TERPLOC Marks, adopted and used the TERPSAVR Mark in conjunction with its distribution, offering for sale, and sale of cannabis storage bag products in interstate commerce.

45.     Grove Bags has not authorized, licensed, or otherwise condoned or consented to Defendants' use of the TERPSAVR Mark.

46.     Defendants' use of the TERPSAVR Mark is likely to cause confusion, mistake, or deceive purchases as to the source of products, suggesting that Defendants' goods are associated or affiliated with, or approved, endorsed, authorized, or sponsored by Grove Bags, in light of the

similarity of the respective marks, the identical nature of the goods, channels of trade, and class of purchases, when in fact they are not.

47.     Defendants' use of the TERPSAVR Mark is without authorization of Grove Bags and is likely to deceive and cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Defendants' goods and the sponsorship or endorsement of those goods by Grove Bags.

48.     Despite the fact that Defendants have actual knowledge of Grove Bags's rights in and to the TERPLOC Marks, Defendants have used, and upon information and belief will continue to use, the TERPSAVR Marks in complete disregard of Grove Bags's rights.

49.     Through its continued use of the TERPSAVR Marks, Defendants have misappropriated Grove Bags's rights in the TERPLOC Marks, as well as the goodwill associated therewith.  Unless restrained and enjoined by this Court, such conduct will permit Defendnats to gain an unfair competitive advantage over Grove Bags, enjoy the selling power of the TERPLOC Marks, and allow Defendants to improperly blunt and interfere with Grove Bags's continued promotion and expansion of the TERPLOC Marks.

50.     Upon information and belief, Defendants' unlawful acts were committed with full knowledge of Grove Bag's rights and with the intention of deceiving and misleading the public.

51.     Upon information and belief, Defendants' unlawful acts were committed with full knowledge of Grove Bag's rights and with the intention of causing harm to Grove Bags.

52.     Upon information and belief, Defendants' unlawful acts were committed with full knowledge of Grove Bag's rights and with the intention of misappropriating and wrongfully trading upon the goodwill and reputation of Grove Bags and the TERPLOC Marks.

53.     Defendants'' infringing activities have caused and will continue to cause irreparable harm to Grove Bags if Defendants are not restrained by this Court.

54.     As a direct and proximate result of Defendants' unlawful infringement, Grove Bags has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

55.     On information and belief, Defendants' actions have been knowing, intentional, wanton, and willful.  The principles of equity warrant an award to Grove Bags of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### (False Designation of Origin / Trade Dress Infringement – 15 U.S.C. § 1125(a)(1)(A))

56.     Grove Bags incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

57.     The Grove Bag Design is non-functional, unique, and distinctive as to the source of cannabis storage bag products, and has acquired secondary meaning, because consumers associate Grove Bags as the source of the products provided in connection with the Grove Bag Design.  The Grove Bag Design is entitled to protection under both federal and common law.

58.     Defendants' actions, including their unauthorized use of the Grove Bag Design in interstate commerce and confusingly similar various thereof to advertise, promote, market, and sell their products throughout the United States—including in Ohio—are likely to cause consumer confusion as tot eh sponsorship, association, or affiliation of the parties or their products, and constitute trade dress infringement in violation of 15 U.S.C. § 1125(a).

59.     Defendants' actions, if not enjoined, will continue.  Grove Bags has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things,

diminution in the value of the goodwill associated with the Grove Bag Design and injury to Grove Bags's business.  Grove Bags is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

60.     Pursuant to 15 U.S.C. § 1117, Grove Bags is also entitled to recover damages in an amount to be determined at trial, Defendants' ill-gotten profits that were based on their infringement of the Grove Bag Design, and the costs of this action.

61.     Furthermore, Grove Bags is informed and beliefs, and on that basis alleges, that Defendants' actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitled Grove Bags to recover additional damages and fees pursuant to 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

### (False Advertising– 15 U.S.C. § 1125(a)(1)(B))

62.     Grove Bags incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

63.     Defendants sell their cannabis storage bag products in interstate commerce and are engaged in advertising campaigns in connection with the marketing of those products.

64.     In Defendants' advertising and promotions, as well as claims made on the products themselves, Defendants have knowingly, intentionally, deliberately, and in bad faith materially misrepresented in interstate commerce the nature, characteristics, and qualities of their products.

65.     Upon information and belief, Defendants have made claims about their products' humidity content that are false and misleading.  Defendants' representations that their products maintain a "58% - 62% humidity" environment is false and misleading because the Defendants' products are, on information and belief, constructed of mylar—an impermeable barrier.

66.    The false and misleading statements about Defendants' products, made by Defendants on its website and product packaging are material because they are representations likely to influence a consumer's purchasing decision.

67.    Defendants' false and misleading statements will actually or tend to deceive a substantial portion of the intended audience.

68.    Defendants' false and misleading statements were introduced into interstate commerce via Defendants' packaging and website, which are accessible nationwide.

69.    As an actual and proximate result of Defendants' willful, wanton, and intentional actions, Grove Bags has suffered damages in an amount to be determined at trial.

70.    Grove Bags is entitled to all remedies available under 15 U.S.C. §§ 1116 and 1117.

71.    Pursuant to 15 U.S.C. § 1117(a), Grove Bags will seek to recover actual, compensatory, and consequential damages in an amount to be determined atrial.  In addition, pursuant to 15 U.S.C. § 1117(a), Grove Bags is entitled to the disgorgement of Defendants' profits.

72.    Grove Bags also requests permanent injunctive relief, as authorized by 15 U.S.C. § 1116, as defendants disseminated materially false advertising into interstate commerce with the intent to mislead, confuse, or deceive potential customers regarding the quality or characteristics of its products.

## FIFTH CAUSE OF ACTION

## (Unfair Competition and Deceptive Trade Practices – Ohio Rev. Code § 4165.01 *et seq.* and Ohio Common Law)

73.    Grove Bags incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

74.     Defendants' actions described herein have caused and continue to cause confusion or misunderstanding as to the source, sponsorship, approval, or quality and characteristics, of Defendants' goods.

75.     Defendants have used and continue to use deceptive representations in connection with their goods such as to create confusion.

76.     Defendants' actions violate Ohio's Deceptive Trade Practices Act, which prohibits a person from engaging in deceptive trade practices which cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services, or which confuse the affiliation, connection, or association with or certification by another.

77.     Upon information and belief, Defendants copied key aspects of the Grove Bags Design, and adopted the TERPSAVR Mark (confusingly similar to the TERPLOC Mark), would create confusion and mislead customers into believing there was a connection between them and Grove Bags.

78.     Defendants' conduct has been deliberate and willful, and has been committed with the intent to cause confusion and misunderstanding as to the source, sponsorship, or approval, of its goods, or affiliation, connection, or association between them and Grove Bags.

79.     As a direct result of Defendants' unfair competition, Grove Bags is entitled to damages in an amount to be determined at trial plus injunctive relief to prevent further confusion or dilution of the Grove Bag Design.  Grove Bags is also entitled to statutory relief, including its reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Grove Bags prays that this Court enter an order:

A.      Declaring that Defendants have violated 15 U.S.C. § 1114;

B.      Declaring that Defendants have violated 15 U.S.C. § 1125(a)(1)(A) and 15 U.S.C. § 1125(a)(1)(B);

C.      Declaring that Defendants have violated the Ohio Rev. Code § 4165.02;

D.      A preliminary and permanent injunction enjoining Defendants, their agents, servants, employees, and successors-in-interest, and those people in active concert or participation with them, from:

> a.   Infringing Grove Bag's trade dress, including prohibiting the adoption of a packaging design confusingly similar to the Grove Bags Design;
>
> b.   Infringing the TERPLOC Mark, including prohibiting the adoption of confusingly similar verbiage such as the TERPSAVR Mark;
>
> c.   Otherwise causing a likelihood of confusion or misunderstanding as to the affiliation, connection, or association between Defendants and Grove Bags;
>
> d.   Unfairly competing with Grove Bags, including prohibiting the use of the "58% - 62% Humidity" statement in connection with mylar-constructed bags.

E.      Awarding Grove Bags all relief available to it under 15 U.S.C. §§ 1116 and 1117—including actual, compensatory, and consequential damages, and disgorgement of ill-gotten profits, in an amount to be determined at trial, and other injunctive relief as appropriate;

F.      Awarding Grove Bags all relief available to it under 15 U.S.C. § 1118, including an order that Defendants deliver all products that embody the infringing Grove Bag Design and bear the infringing TERPSAVR Mark in their possession—including their affiliates, subsidiaries, officers, agents, servants, employees, and those in active concert or participation with them—to Grove Bags at Defendants' cost;

G.      Awarding Grove Bags all relief available to it under Ohio Rev. Code § 4165.03;

H.      Awarding Grove Bags any and all compensatory damages, restitution, disgorgement of profits, treble damages, punitive damages, attorney's fees, costs, disbursements, and expert fees resulting from Defendants' intentional, willful, and wanton unlawful acts as described herein, in an amount to be determined at trial;

I.       Granting Grove Bags any and all other relief as this Court deems just and proper.

Respectfully submitted,

*/s/     Y. Timothy Chai*
Timothy Chai (0092202)
**GORDON REES SCULLY MANSUKHANI, LLP**
600 Superior Ave. East, Suite 1300
Cleveland, Ohio 44114
D: (216) 302-2531
C: (614) 789-4376
tchai@grsm.com

Susan B. Meyer (*pro hac vice forthcoming*)
Patrick J. Mulkern (*pro hac vice forthcoming*)
**GORDON REES SCULLY MANSUKHANI, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101
Tel: (619) 696-6700
Fax: (619) 696-7124
smeyer@grsm.com
pmulkern@grsm.com

*Attorneys for Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags*

## <u>JURY DEMAND</u>

Plaintiff respectfully requests a trial by jury, on all issues so triable, with the maximum numbers of jurors allowed by law.

/s./     *Y. Timothy Chai*
Timothy Chai (0092202)
**GORDON REES SCULLY MANSUKHANI, LLP**
600 Superior Ave. East, Suite 1300
Cleveland, Ohio 44114
D: (216) 302-2531
C: (614) 789-4376
tchai@grsm.com

Susan B. Meyer (*pro hac vice forthcoming*)
Patrick J. Mulkern (*pro hac vice forthcoming*)
**GORDON REES SCULLY MANSUKHANI, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101
Tel: (619) 696-6700
Fax: (619) 696-7124
smeyer@grsm.com
pmulkern@grsm.com

*Attorneys for Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags*